UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDCHEM CORPORATION, and HASAN IBRAHIM,<br><br>　　　　Defendants.<br>_____/ | Case No. CR-11-0811 EMC<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

## I. TRIAL DATE & LENGTH OF TRIAL

Jury selection and trial shall commence on June 24, 2013, at 8:30 a.m. Trial days shall last from 8:30 a.m. to 4:00 p.m. on Mondays and Tuesdays, and from 8:30 a.m. to 2:00 p.m. on Wednesdays and Fridays, except that trial shall end at 2:00 p.m. on July 2, 2013. The Court may determine that additional full trial days are necessary as the trial progresses. Trial is dark on Thursdays and July 5, 2013.

## II. PROCEDURE FOR EXHIBITS AT/DURING TRIAL

A. No later than the end of each trial day, counsel shall inform opposing counsel of which exhibits (including demonstrative evidence), if any, he or she intends to introduce during the next trial day and, if necessary, with respect to which sponsoring witness. If any such exhibits are still objected to, both counsel shall notify the Court after the jury is excused for the day and shall identify the exhibits at issue and the objections. The Court will then schedule a conference that afternoon or the following morning to resolve the dispute.

B.  At the end of each trial day, counsel shall also provide opposing counsel with a tentative preview of the exhibits he or she intends to introduce during the trial day after next. Parties are directed to make a good faith effort to ensure such previews are as accurate as possible.

C.  With respect to exhibits to be used on the first day of trial, counsel shall inform opposing counsel of which exhibits, if any, he or she intends to introduce by Thursday, June 20, 2013, at 5:00 p.m. If any such exhibits are still objected to, both counsel shall notify the Court by June 21, 2013, at 2:00 p.m., and shall identify the exhibits at issue and the objections. The Court will then address the dispute on the first day of trial, June 24, 2013, before any testimony begins.

D.  If a party intends to use a projector or other equipment to show an exhibit (or demonstrative) to the jury, that equipment shall be set up and ready for use by 8:30 a.m. each day. The parties should immediately file with the Court, if necessary, administrative requests to bring projectors and/or other equipment to the courthouse for use at trial.

### III. PROCEDURE FOR WITNESSES AT/DURING TRIAL

A.  Each party shall be prepared, during its case in chief or any rebuttal, to present its next witness. At any time, if the party whose case is being presented is not prepared to present its next witness, that party shall be deemed to have rested that portion of its case. No further witnesses shall be permitted by the party who has so rested in that portion of the case (*e.g.*, case in chief or rebuttal).

B.  Counsel are expected to cooperate with each other in the scheduling and production of witnesses, including informing one another of witness order. At the end of each trial day, Counsel shall give opposing counsel notice of which witnesses will be testifying on the following day. At that time, counsel shall also provide a tentative preview of witnesses who are expected to testify the day after next. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

C.  Only one lawyer for each party may examine any single witness.

D.  If a witness is testifying at the time of a recess or adjournment and has not been excused, the witness shall be seated back on the stand when the Court reconvenes. If a new witness is to be called immediately following recess or adjournment, the witness should be seated in the front row, ready to be sworn in.

E.  Counsel shall refrain from eliciting testimony regarding any undisputed facts as set forth in any stipulation filed with the Court. The Court may read to the jury such undisputed facts at appropriate points in the trial.

F.  Witnesses shall be excluded from the courtroom until completion of their testimony.

### IV.    OTHER PROCEDURES AT TRIAL

A.  To make an objection, counsel shall rise, say "objection," and briefly state the legal ground (*e.g.*, hearsay or irrelevant). There shall be no speaking objections or argument from either counsel unless requested by the Court.

B.  Bench conferences, or the equivalent of sidebars, will not be permitted absent truly extenuating circumstances. Disputes regarding exhibits shall be resolved as set forth in Part II, *supra*. Any other disputes or problems should be addressed either before the trial day commences, at the end of the trial day, or during a recess, if necessary.

### V.    GOVERNMENT'S MOTIONS IN LIMINE

A.  <u>Motion in Limine No. 1</u>

The government has filed a motion in limine seeking to preclude the defense from offering evidence or argument related to allegations of selective prosecution, to allegations that the FBI has an anti-Muslim bias, or to Defendant Ibrahim's Hamas sympathies. Docket No. 80. Defendants have indicated that they agree that selective prosecution is a legal question that is properly for the Court to decide, and that it should not be submitted to the jury. Docket No. 105.

Where a defendant provides sufficient evidence of selective prosecution, the indictment will be dismissed. *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007). This is because selective prosecution "does not constitute a challenge to the merits of the charges brought against the accused" but instead concerns the right to be free from prosecution itself. *United States v. Wilson*, 639 F.2d 500, 502 (9th Cir. 1981). Since argument about selective prosecution does not go to the

merits of the crimes charged, it is not properly presented to a jury. *United States v. Yagman*, 345 F. App'x 312, 314 (9th Cir. 2009) ("A defense of vindictive or selective prosecution may not be presented to a jury."); *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) ("Because it involves a 'defect in the institution of the prosecution,' the selective prosecution defense is an issue for the court rather than the jury."); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (" the issue of selective prosecution is one to be determined by the court, as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged") (internal citations omitted). The issue has already been addressed by the Court. On January 16, 2013, Defendants filed a motion for discovery related to selective prosecution, which was denied by Magistrate Judge Ryu on February 15, 2013. Docket No. 66. Judge Ryu found that Defendants had not produced sufficient evidence to show that similarly situated non-Arab or non-Muslim individuals could have been prosecuted under the statutes at issue in this case, but were not. *Id.* Defendants objected to Judge Ryu's order, and this Court affirmed Judge Ryu's ruling without prejudice on March 20, 2013. Docket No. 72.

The government's motion in limine is **GRANTED**. Defendants are prohibited from introducing evidence or argument at trial on the issue of selective prosecution.

### VI. DEFENDANTS' MOTIONS IN LIMINE

A. <u>Defendants' Motion in Limine</u>

Defendants file a motion in limine seeking to exclude various of the government's exhibits. Docket No. 103. This motion in limine is largely duplicative of Defendants' evidentiary objections, which are discussed and ruled on below.

In addition to repeating evidentiary objections, Defendants also request the exclusion of all exhibits to which they have objected, and to which the government has not specifically replied. Docket No. 103 at 2. While Defendants contend that the government has responded to only 10 of 339 objections Defendants have raised to the government's exhibits, this statement is inaccurate. It is true that the government has stated that "it does not intend to respond – exhibit by exhibit – to the defense arguments (other than as provided in the summary objection response chart contained in the United States' First Amended Exhibit List)." Docket No. 100 at 2. As the bulk of Defendants'

4

objections fall into the same category, however, the government's response to these objections on a categorical rather than exhibit-by-exhibit basis is adequate. Additionally, the government does provide exhibit-by-exhibit responses in the exhibit list. Docket No. 96. Though these responses often do no more than cite to the appropriate rule of evidence, many of Defendants' objections also do no more than this.

The Court finds that the government has responded to all of Defendants' evidentiary objections, and thus **DENIES** the request to exclude all exhibits which the government did not specifically mention in its narrative response to Defendant's objections.

### VII. WITNESSES & EXHIBITS

A. <u>Government's Witnesses and Exhibits</u>

The government has submitted a witness list identifying 36 individuals but reserving "its rights, in keeping with the Federal Rules of Criminal Procedure, to expand or modify this list before trial and to call additional witnesses as may be necessary during trial." Docket No. 78 (Gov.'s Witness List at 1).

The government also filed its original list of 549 exhibits May 7, 2013. Docket No. 79. Defendants objected to this exhibit list in significant part because it failed to include sufficiently specific indications of the purpose for which the government intended to introduce various exhibits. Docket No. 91. Pursuant to this Court's order, the parties subsequently met and conferred, and the government provided a revised exhibit list with more detailed descriptions of purpose. Docket No. 96. At the same time, the parties also filed a joint statement containing Defendants' remaining objections to the governments exhibits. Docket No. 95. On May 22, 2013, the government filed its response to the objections. Docket No. 100.

1. <u>Exhibits Regarding Past Shipments of Hazardous Materials</u>

A number of the government's exhibits related to orders or shipments of hazardous materials other than the incidents that form the basis for the charges in the indictment. Defendants object to these exhibits under Federal Rules of Evidence 402, 403, and 404. The government contends that evidence of the Defendants' past conduct with regards to shipping hazardous materials is relevant and admissible under Rule 404(b) to show intent, knowledge, absence of mistake, and lack of

accident. Docket No. 100 at 4-5. Specifically, the government argues that this evidence will show that Defendant Ibrahim had ordered these same hazardous materials in the past, and had shipped them appropriately, indicating that he was aware of the requirements for shipping such substances. *Id.* These exhibits also include records wherein Defendant Ibrahim referred to the substances' hazardous nature, again going to show his knowledge about the hazardous nature of the substances at issue and what the shipping requirements were. *Id.*

This Court agrees with the government that Defendants' past conduct in complying with or violating shipping regulations is probative of whether Defendants' conduct at issue here was intentional rather than the product of inadvertence or mistake, and whether Defendants were aware of the shipping requirements in question. Thus, the Court finds that the evidence is relevant and admissible under Rule 404(b). The parties have submitted, and the Court will give, limiting instructions informing the jury of the permissible and impermissible uses of such evidence.

Given the large number of documents relating to past conduct, however, this Court finds that there is a risk of unnecessary presentation of cumulative evidence. F.R.E. 403. Accordingly, the government is **ORDERED** to submit substantially narrowed witness and exhibit lists by no later than 5:00 p.m. on June 10, 2013. As the purpose of these revised lists is both to narrow the scope of evidence that may be presented at trial and to provide Defendants with fair notice and opportunity to defend, the revised exhibit list should provide more specific information on the purpose for which the exhibit will be introduced. Additionally, for lengthy exhibits, the government shall provide notice of the page numbers to be introduced as evidence. If the government does not sufficiently narrow its exhibit and witness lists, or fails to include sufficient descriptions of the exhibits, this Court reserves the right to impose limits on the evidence the government may introduce at trial.

        2.      <u>Witnesses Testifying to Past Shipments of Hazardous Materials</u>

Defendants object that the government has listed 16 witnesses whose testimony will be "in whole or part" about unrelated orders and shipments. As discussed above, the government shall file a revised narrower witness list by 5:00 p.m. on June 10, 2013.

///

///

3. Other Objections

Defendant has filed other objections to a number of exhibits.[1] This Court's ruling on these objections is as follows:

Exhibit 31:   OVERRULED provided that the government can provide appropriate foundational testimony.

Exhibit 32:   OVERRULED.

Exhibit 34:   OVERRULED without prejudice. In its revised exhibit list, the government shall indicate which portions of this exhibit it intends to use, eliminating the portions of the exhibit that post-date the events in question.

Exhibit 48:   OVERRULED provided that the government can provide appropriate foundational testimony.

Exhibit 108:  OVERRULED to the degree that the government can introduce testimony that Defendants created this document, otherwise SUSTAINED.

Exhibit 109:  OVERRULED to the degree that the government can introduce testimony that Defendants created this document, otherwise SUSTAINED.

Exhibit 126:  OVERRULED provided that the government can provide appropriate foundational testimony.

Exhibit 449:  OVERRULED if the government can establish that these documents were created by Defendants, otherwise SUSTAINED.

Exhibit 450:  OVERRULED without prejudice, subject to the parties' stipulation and possible redaction of this document. The parties shall submit any stipulation or renewed motion by no later than June 10, 2013.

Exhibit 451:  OVERRULED if the government can establish that Defendant Ibrahim is the author of the letter, otherwise SUSTAINED.

Exhibit 484:  DENIED as moot (exhibit withdrawn).

---

[1] Some of the following exhibits were also subject to Defendants' objections to evidence of other orders or shipments. Having ruled on those objections above, the following rulings pertain solely to the additional objections Defendants raised to these exhibits.

7

Exhibit 528:   DENIED as moot (the government has indicated that it does not intend to introduce this exhibit into evidence, but only to use it to refresh a witness' recollection).

Defendants offer objections to exhibits 16, 173-176, 450, and 478, which are essentially more specific versions of their objections that documents concerning prior shipments of hazardous materials are irrelevant. As this Court is already ordering the government to submit a revised witness list addressing these concerns, it need not rule on the relevance of these specific documents at this time.

B.  Defendant's Witnesses and Exhibits

Defendants have submitted a witness list, indicating that they intend to call Mohamad Ibrahim as a witness. Docket No. 106. Defendants indicate that they anticipate Mr. Ibrahim invoking his rights under the Fifth Amendment, and that they then intend to read his grand jury testimony into evidence. The government argues that such use of Mr. Ibrahim's grand jury testimony would be improper. The parties shall meet and confer to try to resolve their disputes on this front. If Defendants wish to enter the grand jury testimony into evidence, they shall file either a stipulation or an appropriate motion by no later than June 10, 2013; absent stipulation or Court order, unless used to impeach Mohamad Ibrahim's testimony at trial, such evidence is not admissible.

Defendants have not yet filed an exhibit list with the Court. Defendants are ordered to provide the government with an exhibit list by June 10, 2013.

### VIII.  JURY VOIR DIRE

The government has submitted proposed questions for voir dire, and Defendants have indicated that they have no objections to the government's proposal. The Court will ask some of the questions from the government's proposed list as well as other questions. Each party will be provided twenty (20) minutes to conduct its own voir dire.

///

///

///

### IX. **JURY INSTRUCTIONS & JURY VERDICT FORM**

The parties have submitted proposed jury instructions with the exception of proposed instruction number 42. The government shall file proposed instruction 42, along with a statement of any disputes regarding the instruction, by no later than 5:00 p.m. on June 4, 2013.

The Court shall file shortly hereafter proposed jury instructions. **The parties shall provide comments on the instructions on a date to be specified**. On June 20, 2013, the parties shall submit a list of any stipulated facts to be read to the jury with the initial instructions.

The government has filed a proposed verdict form. Docket No. 85. Defendants shall file any objections by June 10, 2013.

This order disposes of Docket Nos. 80 and 103

IT IS SO ORDERED.

Dated: June 4, 2013

_____
EDWARD M. CHEN
United States District Judge